UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, CONN, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant BENNY E. AVILES
 United States Army, Appellant

 ARMY 20061342

 Headquarters, 7th Army Joint Multinational Training Command
 Michael J. Nelson, Military Judge
 Lieutenant Colonel Michael E. Mulligan, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan, JA; Captain Christopher W.
Dempsey, JA (on brief).

For Appellee: Colonel Denise L. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Christopher B. Burgess, JA; Captain James M. Hudson, JA
(on brief).

 24 November 2008

 ---------------------------------
 SUMMARY DISPOSITION
 --------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, contrary to his pleas, of dereliction in the performance of
duties, larceny, and wearing an unauthorized insignia, in violation of
Uniform Code of Military Justice [hereinafter UCMJ] Articles 92, 121 and
134; 10 U.S.C. §§ 892, 921 and 934 (2005). The military judge sentenced
appellant to a bad conduct discharge. The convening authority approved the
adjudged sentence. This case is before the court for review pursuant to
Article 66, UCMJ.

 Although not raised by appellant in his post-trial Rule for Courts-
Martial 1105 submissions, nor by appellate counsel, we note that both the
Staff Judge Advocate’s Post-Trial Recommendation and the promulgating order
[Special
Court-Martial Order Number 14 dated 12 June 2007] incorrectly list the
findings for Charge II and its Specifications. Appellant was found guilty
of Specification 1, which alleged dereliction of duties in violation of
Article 92, UCMJ, and not guilty of Specification 2, which also alleged
dereliction of duties. Although a convening authority’s action only needs
to address a sentence, “[i]f the list of findings in the [Staff Judge
Advocate (SJA)’s] post-trial recommendation omits any reference to a
particular finding, the Court of Criminal Appeals may not presume that the
convening authority implicitly approved or disapproved the omitted
finding.” United States v. Alexander, 63 M.J. 269, 275 (C.A.A.F. 2006)
(internal citations omitted). Based on the erroneous information presented
to the convening authority concerning the results of trial, we are unable
to conclude that the convening authority approved the sentence based on
proper information. We are to “return the case for a new SJA review and
convening authority action unless [we] determine[] that the affected
finding should be disapproved at the appellate level in the interest of
efficient administration of justice." Id. (internal citation omitted). We
choose to disapprove the findings of Charge II and will take appropriate
action in our decretal paragraph. In appellant’s case, this option does
not prejudice the appellant and "adequately vindicate[s] the interests of
military society." United States v. Diaz, 40 M.J. 335, 345 (C.M.A. 1994).
However, we remind SJAs, trial defense counsel, and appellate counsel to
pay more attention to these types of administrative details that may result
in prejudicing a soldier’s rights.

 The finding of guilty Charge II is set aside, and Charge II is
dismissed. The remaining findings of guilty are affirmed. Considering the
nature of the remaining findings of guilty, the entire record, the sentence
adjudged at trial, and applying the principles of United States v. Sales,
22 M.J. 305, 305 (C.M.A. 1986), and United States v. Moffeit, 63 M.J. 40,
42-44 (C.A.A.F. 2006), to include those principles identified by Judge
Baker in his concurring opinion, the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court