UNITED STATES, Appellant

v.

Joshua J. ALEXANDER, Specialist
U.S. Army, Appellee

No. 06-5004

Crim. App. No. 20031161


AND


UNITED STATES, Appellant

v.

Sean B. VANDERSCHAAF, Private
U.S. Army, Appellee

No. 06-5003

Crim. App. No. 20050316

United States Court of Appeals for the Armed Forces


Argued May 2, 2006

Decided July 3, 2006


EFFRON, J., delivered the opinion of the Court, in which GIERKE, C.J., and CRAWFORD and BAKER, JJ., joined. ERDMANN, J., filed a separate opinion, concurring in part and dissenting in part.

United States v. Alexander, No. 06-5004/AR and United States v. Vanderschaaf, No. 06-5003/AR


## United States v. Alexander

Counsel For Appellant:  Captain Larry W. Downend (argued); Lieutenant Colonel Theresa A. Gallagher and Major William J. Nelson (on brief); Lieutenant Colonel Natalie A. Kolb.

Counsel For Appellee:  Major Charles L. Pritchard Jr. (argued); Colonel John T. Phelps III, Lieutenant Colonel Kirsten V. C. Brunson, Major Billy B. Ruhling II, and Captain Stephen P. Watkins (on brief).

Military Judge:  Patrick J. Parrish


## United States v. Vanderschaaf

Counsel For Appellant:  Captain Larry W. Downend (argued); Lieutenant Colonel Theresa A. Gallagher, Major William J. Nelson, and Major Natalie A. Kolb (on brief).

Counsel For Appellee:  Major Charles L. Pritchard Jr. (argued); Lieutenant Colonel Kirsten V. C. Brunson (on brief); Colonel John T. Phelps II.



Military Judge:  Denise Lind


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge EFFRON delivered the opinion of the Court.

The present appeal concerns two guilty plea cases in which issues have arisen concerning the content of the findings approved by the convening authority.  The first portion of this opinion describes the pertinent background for each case.  In the second part of the opinion, we consider the principles governing the relationship between findings rendered at trial and the findings approved by the convening authority.  The third part of the opinion considers the action taken by the United States Army Court of Criminal Appeals with respect to the findings in these two cases.

## I.  BACKGROUND

### A.  United States v. Alexander

Alexander was charged with two violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912(a) (2000).  The first specification alleged that Alexander:

> did, at or near Kandahar Air Field,
> Afghanistan, on divers occasions during
> February 2003, wrongfully use marijuana in
> hashish form, while receiving special pay
> under 37 U.S.C. § 310.

The second specification alleged that Alexander:

> did, at or near Kandahar Air Field,
> Afghanistan, on divers occasions between
> February 2003 and March 2003, wrongfully
> distribute an unknown amount of marijuana in

3

the hashish form, a controlled substance,
while receiving special pay under 37 U.S.C.
§ 310.


Pursuant to Alexander's pleas, a general court-martial composed of a military judge sitting alone found him guilty of both offenses.  The court-martial sentenced Appellant to confinement for eighteen months, reduction to the lowest enlisted grade, and a bad-conduct discharge.

The staff judge advocate (SJA) provided the convening authority with a post-trial recommendation under Rule for Courts-Martial (R.C.M.) 1106.  Under the heading "Gist of Offense," the SJA provided the following description of the findings:

> [Specification 1:]  Wrongfully used
> marijuana in the hashish form, a controlled
> substance, on divers occasions during Feb
> 03.
>
> [Specification 2:]  Wrongfully distributed
> an unknown amount of marijuana in the
> hashish form, a controlled substance, on
> divers occasions between Feb 03 and Mar 03.


In accordance with a pretrial agreement, the SJA recommended that the convening authority reduce the period of confinement to six months and approve the balance of the sentence.  The SJA did not make a specific recommendation with respect to the findings. The defense post-trial submission under R.C.M. 1105 and R.C.M.

1106 did not object either to the wording of the specification considered at trial or to the summary provided in the SJA's post-trial recommendation.

In response to a defense request for relief based upon post-trial processing delay, the SJA recommended that the convening authority reduce the period of confinement to five months. The convening authority's action of July 30, 2004, approved the sentence recommended by the SJA, but it did not expressly address the findings. See R.C.M. 1107(c).

The 82d Airborne Division issued a promulgating order on the same date as the action, signed by Major Jeff A. Bovarnick, a judge advocate identified as the "Chief, Criminal Law." Immediately above the signature, the promulgating order stated that it was issued "BY COMMAND OF MAJOR GENERAL CALDWELL," the convening authority. The promulgating order contained the following description of the findings:

> Charge: Article 112a. Plea: Guilty.
> Finding: Guilty
>
> Specification 1: On divers occasions during February 2003, wrongfully used marijuana in the hashish form, a controlled substance, while receiving special pay under 37 U.S.C. § 310. Plea: Guilty. Finding: Guilty.
>
> Specification 2: On divers occasions between February 2003 and March 2003, wrongfully distributed an unknown amount of marijuana in the hashish form, a controlled substance, while receiving special pay under

>       37 U.S.C. § 310.  Plea:  Guilty.  Finding:
>       Guilty.

The "Action" portion of the promulgating order expressly reflected the convening authority's action on the sentence and did not address the findings.

On review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000), the Court of Criminal Appeals concluded that the convening authority had "approved only" the findings of guilty as to wrongful use and wrongful distribution and did not approve that portion of the findings concerning use and distribution while receiving special pay.  United States v. Alexander, No. ARMY 20031161, slip. op. at 1 n.* (A. Ct. Crim. App. Nov. 7, 2005).  The court concluded that the omission did not prejudice Alexander, but issued an order that "corrected" the two specifications in the promulgating order by deleting the reference in each to special pay.  Id.

On December 27, 2005, pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2)(2000), the Judge Advocate General of the Army certified for our review the question of whether the Court of Criminal Appeals erred in ordering deletion of the reference to special pay from each of the specifications.  United States v. Alexander, 62 M.J. 400 (C.A.A.F. 2005).

6

### B.   United States v. Vanderschaaf

Vanderschaaf was charged with eight violations of Article 112a, UCMJ.  The first specification alleged that Vanderschaaf:

> did, on divers occasions, at or near
> Baumholder and Idar-Oberstein Germany,
> between on or about 4 October 2004 and 7
> November 2004, wrongfully use marijuana
> (THC).

The remaining seven specifications employed a similar format to allege other drug offenses "on divers occasions" between specified dates.

Pursuant to Vanderschaaf's pleas, a general court-martial composed of a military judge sitting alone found him guilty of the offenses charged under Article 112a, UCMJ.  The court-martial sentenced Appellant to confinement for fifty months and a dishonorable discharge.

The SJA provided the convening authority with a post-trial recommendation under R.C.M. 1106.  Under the heading "Gist of Offense," the SJA offered the following description of the findings on the first specification:

> Did, between 4 Oct 04 and 7 Nov 04, near
> Baumholder and Idar-Oberstein, Germany,
> wrongfully use marijuana.

The SJA used similar language to describe the remaining seven offenses.  The SJA recommended that the convening authority reduce the period of confinement to thirty months pursuant to a

pretrial agreement, provide three days of pretrial confinement credit, and approve the balance of the sentence. The SJA did not make a specific recommendation with respect to the findings. The defense post-trial submission under R.C.M. 1105 and R.C.M. 1106 did not object either to the wording of the specification considered at trial or to the summary provided in the SJA's post-trial recommendation.

The convening authority's action, dated August 4, 2005, approved a dishonorable discharge, reduced the period of confinement to thirty months, and provided three days of confinement credit. The convening authority's action did not expressly address the findings. See R.C.M. 1107(c).

The 1st Armored Division issued a promulgating order on the same date as the action, signed by Captain Mary Catherine Vergona, a judge advocate identified as the "Chief, Military Justice." Immediately above the signature, the promulgating order stated that it was issued "BY COMMAND OF MAJOR GENERAL ROBINSON," the convening authority. The promulgating order contained the following description of the findings on the first specification:

> In that [Appellant] did, on divers
> occasions, at or near Baumholder and Idar-
> Oberstein, Germany, between on or about 4
> October 2004 and 7 November 2004, wrongfully
> use marijuana (THC). Plea: Guilty.
> Finding: Guilty.

The promulgating order employed similar language to describe the remaining seven offenses.

In the course of reviewing the case under Article 66(c), UCMJ, the Court of Criminal Appeals issued an order that "corrected" each of the specifications in the promulgating order, 62 M.J. 400, by deleting the words "on divers occasions." United States v. Vanderschaaf, No. ARMY 20050316 (A. Ct. Crim. App. Oct. 27, 2005).

On December 22, 2005, pursuant to Article 67(a)(2), UCMJ, the Judge Advocate General of the Army certified for our review the question of whether the Court of Criminal Appeals erred in ordering deletion of the words "on divers occasions" from each of the specifications. United States v. Vanderschaaf, 62 M.J. 399 (C.A.A.F. 2005).

II.  THE RELATIONSHIP BETWEEN ADJUDGED AND APPROVED FINDINGS

The approved findings reviewed by the Court of Criminal Appeals under Article 66(c), UCMJ, are built on a foundation that consists of the charges and specifications referred for trial, the findings adjudged by the court-martial, the recommendation of the SJA to the convening authority, and the action of the convening authority.  This section briefly

summarizes each step in that process, including the procedure for documenting pertinent decisions.

### A.  CHARGES AND SPECIFICATIONS

The Manual for Courts-Martial, United States (2005 ed.)(MCM) states that "[t]he format of charge and specification is used to allege violations" of the UCMJ.  R.C.M. 307(c)(1); see Articles 30 and 34, UCMJ, 10 U.S.C. §§ 830, 834 (2000).  As noted in R.C.M. 307(c)(2) and (3), the "charge" is a legal citation, while the "specification" sets forth the alleged facts constituting the charged offense:

> (2) Charge.  A charge states the article of the code, law of war, or local penal law of an occupied territory which the accused is alleged to have violated.
>
> (3) Specification.  A specification is a plain, concise, and definite statement of the essential facts constituting the offense charged.  A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication.

The charge sheet, which contains the charges and specifications, provides the basis for referral and arraignment and is included in the record of trial.  R.C.M. 601(a); R.C.M. 904; R.C.M. 1103(b)(2)(D)(i).

### B.  THE FINDINGS ADJUDGED BY THE COURT-MARTIAL

The court-martial announces its findings on each charge and specification following the presentation of evidence, closing

arguments, instructions, and deliberations.  R.C.M. 918-922; see

Articles 51 and 53, UCMJ, 10 U.S.C. §§ 851, 853 (2000).  R.C.M.

918(a) provides that, "[t]he general findings of a court-martial

state whether the accused is guilty of each offense charged."

R.C.M. 918(a)(1), (2).  The rule contains specific requirements

with respect to the form of the general findings:

> (1) As to a specification.  General findings
> as to a specification may be:  guilty; not
> guilty of an offense as charged, but guilty
> of a named lesser included offense; guilty
> with exceptions, with or without
> substitutions; not guilty of the exceptions,
> but guilty of the substitutions, if any; not
> guilty only by reason of lack of mental
> responsibility; or, not guilty.

> (2) As to a charge.  General findings as to
> a charge may be:  guilty; not guilty, but
> guilty of a violation of Article __; not
> guilty only by reason of lack of mental
> responsibility; or not guilty.

Under these rules, the findings do not expressly incorporate the

text of the charges and the underlying specifications.  Instead,

the findings constitute a decision by the factfinder whether the

government has met its burden of proof beyond a reasonable doubt

as to the charged offense or as to any lesser included offense.

On occasion, the findings contain errors or ambiguities,

and the MCM provides limited authority for corrective action by

the court-martial in specified circumstances.  See, e.g., R.C.M.

922; R.C.M. 923; R.C.M. 924.

11

When the court-martial is adjourned following announcement of the sentence, "[t]he findings and sentence . . . shall be reported promptly to the convening authority . . . ." Article 60(a), UCMJ, 10 U.S.C. § 860(a) (2000). Trial counsel prepares the report of the findings and sentence, which must be submitted in writing. Id.; R.C.M. 1101(a). Neither the UCMJ nor the MCM offers any guidance as to the amount of detail that should be provided regarding the findings.

### C. THE CONVENING AUTHORITY'S ACTION

After authentication of the record of trial, the convening authority's SJA prepares a recommendation for action by the convening authority. Article 60(d), UCMJ; R.C.M. 1106(a). The recommendation assists the convening authority in deciding "what action to take on the sentence." R.C.M. 1106(d); see Article 60(c)(2), UCMJ. Under the authority granted by Congress in Article 60(d), UCMJ, the President has prescribed the contents of the recommendation, including the requirement to provide "concise information" as to "[t]he findings and sentence adjudged by the court-martial." R.C.M. 1106(d)(3)(A). The information regarding the findings need not include either the verbatim text of the specification or an exact description of any exceptions or substitutions made by the court-martial. See United States v. Gunkle, 55 M.J. 26, 33 (C.A.A.F. 2001).

12

The SJA serves the recommendation on the defense prior to submission to the convening authority.  R.C.M. 1106(f)(1).  The defense may provide the convening authority with comments on the recommendation, as well as other matters.  Article 60(b), (d), UCMJ; R.C.M. 1105; R.C.M. 1106(f).  If the defense does not comment on a deficiency in the SJA's recommendation, the matter is waived, absent plain error.  R.C.M. 1106(f)(6).

Prior to taking action, the convening authority must consider:  (1) the result of trial; (2) the recommendation of the staff judge advocate; and (3) matters submitted by the defense.  R.C.M. 1107(b)(3)(A).  The convening authority may consider other sources of information, as described in R.C.M. 1107(b)(3)(B).

Article 60(c), UCMJ, sets forth the non-discretionary and discretionary powers of the convening authority regarding the findings and sentence:

> (1) The authority . . . to modify the findings and sentence . . . is a matter of command prerogative . . . .
>
> (2) Action on the sentence of a court-martial shall be taken by the convening authority . . . .
>
> (3) Action on the findings of a court-martial by the convening authority . . . is not required.

13

See R.C.M. 1107(a), (b). If the convening authority disapproves any findings, the decision to do so must be set forth in the action, but R.C.M. 1107 does not require an affirmative statement regarding approval of findings. See R.C.M. 1107(f)(1), (3).

### D. THE PROMULGATING ORDER

After taking action under R.C.M. 1107, the convening authority issues an initial promulgating order. R.C.M. 1114(b)(1); see R.C.M. 1114(e). The initial promulgating order "publishes the result of the court-martial and the convening authority's action . . . ." R.C.M. 1114(a)(2). The promulgating order must include, among other matters, "the charges and specifications, or a summary thereof, on which the accused was arraigned; the accused's pleas; the findings or other disposition of each charge and specification; the sentence, if any; and the action of the convening authority, or a summary thereof." R.C.M. 1114(c)(1). The promulgating order must be "authenticated by the signature of the convening authority . . . or a person acting under the direction of such authority." R.C.M. 1114(e).

### E. CORRECTIVE ACTION BY THE CONVENING AUTHORITY

The convening authority may modify the action before it is published or served on the accused. R.C.M. 1107(f)(2). During

the period between service of the action on the defense and forwarding of the record for appellate review, the convening authority may modify the action if "the modification does not result in action less favorable to the accused than the earlier action."  R.C.M. 1107(f)(2); see R.C.M. 1110(f); R.C.M. 1107(h).

After the record has been forwarded for appellate review, the convening authority cannot modify the action unless a higher reviewing authority directs the modification of an "illegal, erroneous, incomplete, or ambiguous action."  R.C.M. 1107(f)(2). Separate rules regarding modification of the action apply in cases where the accused has waived formal appellate review.  See id.  Reviewing authorities may direct a convening authority to correct an action that "is incomplete, ambiguous, or contains clerical error."  R.C.M. 1107(g).  The convening authority must issue a supplementary promulgating order when "[a]ny action [is] taken on the case subsequent to the initial action . . . ."  See R.C.M. 1114(b)(2).

F.   THE FINDINGS "APPROVED" BY THE CONVENING AUTHORITY

A Court of Criminal Appeals exercises jurisdiction over a broad range of cases under Article 66(b), UCMJ, including:  (1) every case in which the approved sentence extends to a punitive separation or confinement for a year or more unless mandatory review is waived; (2) every case involving an approved death

sentence; and (3) any other case submitted to the Court of Criminal Appeals by the Judge Advocate General under Article 69(d), UCMJ, 10 U.S.C. § 869(b) (2000).

Under Article 66(c), UCMJ, a Court of Criminal Appeals "may act only with respect to the findings and sentence as approved by the convening authority."  The focus on "findings . . . approved" by the convening authority contemplates that the findings must be endorsed or ratified by the convening authority.

The relationship between the Article 66(c), UCMJ, requirement for approval of the findings and the Article 60(c)(3), UCMJ, statement that "[a]ction on the findings . . . is not required" reflects the competing goals served by the legislation governing the convening authority's role on findings.  Under the UCMJ as originally enacted in 1950, the convening authority served in a judicial role, performing a first-level legal review of findings and sentence.  Act of May 5, 1950, Pub. L. No. 81-506, ch. 169, 64 Stat. 107, 128 (Article 64).  As the role of judges at the trial and appellate levels increased over time, particularly after enactment of the Military Justice Act of 1968, Pub. L. No. 90-632, 82 Stat. 1335, Congress reexamined the requirement for a full legal review of the findings and sentence at the convening authority level.  See

S. Rep. No. 98-53, at 7 (1983). In the Military Justice Act of 1983, Pub. L. No. 98-209, 97 Stat. 1393, Congress removed the requirement for the convening authority to conduct a legal review or otherwise act as an "appellate tribunal," while retaining the convening authority's power to modify the findings and sentence as a matter of "command prerogative." S. Rep. No. 98-53, at 7, 19, 21. As part of the legislation, Congress specifically stated in Article 60(c)(3), UCMJ, that the convening authority was not required to act on the findings.

We have interpreted the approval requirement of Article 66(c), UCMJ, in a manner consistent with the congressional goal of reducing the post-trial judicial responsibilities of the convening authority. If the convening authority expressly acts to approve, disapprove, or modify particular findings of the court-martial, the result of the convening authority's action constitutes the approved findings reviewed by the Court of Criminal Appeals under Article 66(c), UCMJ. See United States v. Diaz, 40 M.J. 335, 343 (C.M.A. 1994).

In the typical case, however, the convening authority's action only addresses the sentence, and does not mention the findings. In such a case, the Court of Criminal Appeals may presume that the convening authority approved the findings reached by the court-martial and reported in the SJA's post-

17

trial recommendation, absent material evidence to the contrary. If the list of findings in the SJA's post-trial recommendation omits any reference to a particular finding, see R.C.M. 1106(d)(3)(A), the Court of Criminal Appeals may not presume that the convening authority implicitly approved or disapproved the omitted finding.  See Diaz, 40 M.J. at 343.  In such a case, the court must return the case for a new SJA review and convening authority action unless the court determines that the affected finding should be disapproved at the appellate level "in the interest of efficient administration of justice."  See id. at 345 (disapproving findings omitted from the SJA's recommendation and affirming the balance of the findings where such actions would not prejudice the appellant and would "adequately vindicate the interests of military society").

## III.  DISCUSSION

The certified issues before us ask, in effect, what findings were approved by the convening authority in each case. There is no question in each case as to what findings were adjudged by the court-martial.  Alexander was convicted of using and distributing illegal drugs "while receiving special pay," and Vanderschaaf was convicted of using and distributing illegal drugs on "divers occasions."  In each case, the convening

authority did not expressly approve the findings.  In that context, we must determine whether the Court of Criminal Appeals should have concluded in each case that the convening authority approved the findings adjudged by the court-martial.

The present cases are distinguishable from Diaz, in which a number of specifications were omitted in their entirety from both the SJA's post-trial recommendation and the convening authority's initial promulgating order.  Diaz, 40 M.J. at 337-38.  By contrast, in each of the cases now before us, the SJA's post-trial recommendation listed each charge and specification that resulted in a finding of guilty, provided details as to the time and place of the offenses, described the acts at issue, and set forth the nature of the illegal drugs.

Pursuant to R.C.M. 1106(d)(3)(A), the SJA's recommendation may provide the convening authority with "concise information" about the findings, "without specifying exactly what acts the appellant was found guilty of or what language was excepted or substituted."  Gunkle, 55 M.J. at 33 (citation and quotation marks omitted).  For the specific purpose of determining what offenses were approved by a convening authority, we are guided by the post-1983 congressional view of the limited role of the convening authority as to findings.  Although disapproval of the findings requires express action by the convening authority, the

19

convening authority is not required to take express action to approve the findings. See Article 60(c)(3), UCMJ; R.C.M. 1107(f)(1), (3). In that context, the SJA's description of a finding is sufficient if it provides a general depiction of the offense, without the necessity for reciting the details of each element and aggravating factor.

In the present cases, the descriptions provided by each SJA were sufficient for that purpose. To the extent that the court below concluded otherwise, the court erred.

We also note that even if the relationship between the adjudged and approved findings in one of these cases had disclosed an ambiguity, the case should have been returned for a new SJA recommendation and convening authority action unless the case fit within the limited authority for appellate correction under Diaz.

We emphasize that our analysis in the present case relates solely to the identification of the findings approved by a convening authority who did not take express action on the findings adjudged by a court-martial. The cases before us do not involve the separate question of what information about a finding must be provided by an SJA for purposes of the convening authority's action on the sentence or for purposes of expressly acting on the findings. In such a case, the challenge to the

adequacy of the SJA's recommendation does not involve a dispute about whether the convening authority approved or disapproved a particular finding; rather, the issue is whether the SJA misstated the nature of the offense, thereby prejudicing the right of an accused to an informed convening authority action. Where, for example, the SJA has provided incorrect or incomplete information that prejudices an accused's right to have a clemency request judged on the basis of accurate information, the accused is entitled to a new SJA recommendation and convening authority action. See, e.g., United States v. Wellington, 58 M.J. 420, 427-28 (C.A.A.F. 2003). Neither Alexander nor Vanderschaaf has claimed that omission in the post-trial recommendation of references to commission of drug offenses "on divers occasions" or "while receiving special pay" constituted prejudicial error.

We also note that our conclusion involves a legal determination, and does not express a view on the desirability of the procedure employed in these cases as a matter of policy. It is possible that the potential for error could be reduced if the recommendation prepared by an SJA included the findings portion of a proposed promulgating order, thereby providing greater assurance of congruence between the recommendation and the promulgating order. However, in view of the apparent

infrequency of the circumstances presented in these appeals and the fact that the problem is not one that affects the trial process, we do not find it necessary to establish such a requirement.

IV.  CONCLUSION

The corrective action taken by the court below in each of these cases was not required as a matter of law.  The record in each case is consistent with the presumption that the convening authority approved the findings adjudged at trial.  The court below must now determine whether, in that context, those findings should be approved.  See Article 66(c), UCMJ.

Accordingly, the decision of the United States Army Court of Criminal Appeals is reversed in each case.  The record of trial in each case is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for further review under Article 66(c), UCMJ.

United States v. Alexander, No. 06-5004/AR and United States v. Vanderschaaf, 06-5003/AR

ERDMANN, Judge (concurring in part and dissenting in part):

I agree with the majority that the United States Army Court of Criminal Appeals could not direct a modification to the statement of the charges and specifications in the promulgating order. The promulgating order includes "the charges and specifications" and "the findings or other disposition of each charge and specification" as a reflection of "the result of trial." Rule for Courts-Martial (R.C.M.) 1114(a)(1),(c)(1). Changing the statement of the charges and specifications, as the Court of Criminal Appeals directed, causes that promulgating order to be inaccurate since it no longer reflects what actually happened at trial. If the lower court wants to make some amendment to the findings of a court-martial, the proper course is to disapprove the findings or some portion of the findings and issue a supplemental order reflecting that action.

I depart, however, from the majority to the extent that it suggests that the descriptions of the offenses in these cases by the staff judge advocates (SJAs) were adequate to support a presumption that the convening authorities implicitly approved all aspects of the findings. A presumption arises because certain foundational facts are known or proven. See Virginia v. Black, 538 U.S. 343, 395 (2003) ("A presumption is a rule of law that compels the fact finder to draw a certain conclusion or a certain inference from a given set of facts."). The

foundational facts for a presumption that the convening authority implicitly approved findings can come only from one of two documents. One of those documents is the R.C.M. 1101(a) report of the results of trial. In these cases, however, we do not know whether the convening authorities ever saw the R.C.M. 1101(a) reports of the results of trial.

The other document is the R.C.M. 1106 post-trial recommendation of the SJA. In these cases, the SJA recommendations are the only documents we can conclude were before the convening authorities at action. Thus, any presumption of what findings were implicitly approved must have its origin in the SJAs' "concise information as to . . . [t]he findings . . . adjudged by the court-martial." R.C.M. 1106(d)(3)(A). "[T]he more compelling evidence of those [findings] that implicitly were approved by the convening authority in his action are those of which he must be made aware as a matter of law -- those in the recommendation." United States v. Diaz, 40 M.J. 335, 342 (C.M.A. 1994).

A convening authority cannot implicitly approve matters of which he was not aware. In these cases the convening authorities were not made aware of the "special pay" sentence aggravator in Alexander's case or the fact that Vanderschaaf's drug offenses were committed on "divers occasions". It

2

therefore cannot be presumed that those findings were implicitly approved.

In Diaz, this court concluded that implied approval of the findings was a necessary implication resulting from the fact that, although the Military Justice Act of 1983, Pub. L. No. 98,209, 97 Stat. 1393, removed the requirement for a convening authority to specifically act on findings, "Congress did not modify in any respect Article 66, which addresses appellate review by a Court of [Criminal Appeals]."  40 M.J. at 340-41. The Courts of Criminal Appeals "act only with respect to the findings and sentence as approved by the convening authority." Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2000).  Thus, Diaz concluded that implicit approval of findings was "necessary in order to make sense of the statutory predicate for the appellate authority of the Court of [Criminal Appeals] under Article 66(c)."  40 M.J. at 341. The holding and logic of Diaz remains intact.  Congress has not amended Article 66(c), UCMJ, to modify the requirement that the Courts of Criminal Appeals review "findings . . . as approved by the convening authority."  A presumption that a convening authority implicitly approved findings is necessary to establish what findings the Court of Criminal Appeals must review.

In these cases, the convening authorities were not informed of certain portions of the findings; it cannot be presumed that

3

United States v. Alexander, No. 06-5004/AR and United States v. Vanderschaaf, 06-5003/AR

any rule of implicit approval runs to those portions of the findings; and the scope of the Court of Criminal Appeals' review is uncertain.  The Court of Criminal Appeals should have sought clarification by means of a new action or dismissed portions of the findings before Article 66, UCMJ, review could be conducted.  See Diaz, 40 M.J. at 345.  The majority's rule essentially permits "close enough" to determine the scope of review under Article 66(c), UCMJ.  I cannot join in that conclusion.