UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class DONALD J. SPEAKMAN
 United States Army, Appellant

 ARMY 20070951

 Joint Task Force Guantanamo (trial)
 Headquarters, United States Army Armor Center and Fort Knox (new
 recommendation and action)
 Peter E. Brownback III, Military Judge
 Captain Patrick M. McCarthy, USN, Staff Judge Advocate (post-trial)
 Colonel Lisa Anderson-Lloyd, Staff Judge Advocate (new recommendation and
 action)

For Appellant: Major Bradley M. Voorhees, JA; Captain Michael E. Korte,
JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 15 May 2009

 ---------------------------------------------------------------------
 SUMMARY DISPOSITION ON FURTHER REVIEW
 ---------------------------------------------------------------------

Per Curiam:

 Appellant was convicted, pursuant to his pleas, of conspiracy to
commit an assault, assault, adultery, and providing alcohol to minors (two
specifications), in violation of Articles 81, 128, and 134, Uniform Code of
Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 928, and 934
respectively. On our original review under Article 66, UCMJ, we returned
the case for a new post-trial recommendation (SJAR) under Rule for Court-
Martial [hereinafter R.C.M.] 1106 and new action because the original staff
judge advocate (SJA) failed to serve the SJAR on trial defense counsel or
appellant. United States v. Speakman, Army 20070951 (Army Ct. Crim. App.
29 Jan. 2009) (unpub.). After a new SJAR and action by a different
convening authority, the case has been resubmitted for further review
without additional assignment of error.

 In our further review, we note the new Promulgating Order and the
original Report of Result of Trial (Dept of Army Form 4430) both
incorrectly state Charge I and its specification were dismissed. They were
not; appellant’s guilty pleas to this charge and specification were
provident, and the military judge entered findings of guilty. The original
SJAR correctly listed the pleas and findings. The new SJAR, unlike the
first SJAR which was consistent with former practice, merely referenced the
incorrect DA 4430 and did not separately list the findings and sentence.
Compare R.C.M. 1106, Manual for Courts-Martial [hereinafter MCM] (2005)
(required contents include the findings and sentence adjudged by the court-
martial) with R.C.M. 1106, MCM (2008) (contents required are a copy of the
report of result of trial, the summary of the pretrial agreement, any
clemency recommendation by sentencing authority, and the SJA’s concise
recommendation). The SJA also did not enclose the record of trial with the
SJAR, which would have correctly reflected the findings of guilty to Charge
I and its specification. Thus, there is no inconsistency in the
information provided to the new convening authority: he was unambiguously
advised Charge I and its specification were dismissed.

 The convening authority has sole discretion to set aside any finding
of guilty and dismiss a specification and charge. R.C.M. 1107(c)(2)(A).
Where, as here, a convening authority does not expressly address findings
in his action, he implicitly approves the findings as summarized in the
SJAR. See United States v. Diaz, 40 M.J. 335, 337 (C.A.A.F. 1994); United
States v. Alexander, 63 M.J. 269, 275 (C.A.A.F. 2008). In this case, the
convening authority has dismissed Charge I and its specification. Because
the dismissal was not based on a finding of legal error, the SJA was not
required to advise the convening authority on corrective action on the
sentence, and no remedial action is required. See United States v. Bonner,
64 M.J. 638, 640 (Army Ct. Crim. App. 2007), aff’d, 65 M.J. 321 (C.A.A.F.
2007).

 The findings of guilty to Charge I and its specification are set aside
and Charge I and its specification are dismissed. The remaining findings
of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court