UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist STEPHEN J.F. GRENFELL
 United States Army, Appellant

 ARMY 20080729

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Kirsten V.C. Brunson, Military Judge
 Colonel Gary A. Loxley, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace Gallagher, JA; Lieutenant Colonel Scott R. Lawson,
JA (on brief).

For Appellee: Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Lieutenant Colonel Francis C. Kiley, JA; Major Mary E.
Braisted, JA (on brief).

 26 March 2010

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 Appellant alleges two errors related to the staff judge advocate's
post-trial recommendation [hereinafter SJAR] to the convening authority.

 Appellant asserts the SJAR erroneously advised the convening
authority he had pled guilty to, and was found guilty of, Specification 2
of Charge I. Specification 2 of Charge I charged appellant with one
specification of wrongful use of cocaine in violation of Article 112a,
Uniform Code of Military Justice, 10 U.S.C. § 912 [hereinafter UCMJ]. The
addendum to the SJAR did not correct this error.

 Appellant pled not guilty to Specification 2 of Charge I and the
government moved to dismiss the charge. The military judge, however, found
appellant not guilty of the specification without expressly acting on the
motion to dismiss. Important for this court's Article 66(c) review is the
action taken by the convening authority. See United States v. Diaz, 40
M.J. 335, 337 (C.M.A. 1994); United States v. Alexander, 63 M.J. 269, 275
(C.A.AF. 2006). The SJAR reflects a finding of guilty for this charge.
That is the finding acted upon by the convening authority and before this
court for review. See Diaz, 40 M.J. at 337; Alexander, 63 M.J. at 275.

 We reviewed this issue using a plain error analysis. To prevail
under a plain error analysis, an appellant must demonstrate that there was
an error; it was plain or obvious; and the error materially prejudiced a
substantial right. United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000)
(citing United States v. Powell, 49 M.J. 460, 463, 465 (C.A.A.F. 1998)).

 The statement in the SJAR that appellant was guilty of Specification
2 of Charge I was in error, plain, and obvious. See Diaz, 40 M.J. at 337,
and Alexander, 63 M.J. at 275. Whether the error was prejudicial is
discussed below.

 Appellant next asserts, inter alia, the SJAR addendum erroneously
stated he disclaimed punishment under Article 13, UCMJ, mischaracterized
the circumstances by which he agreed to waive motions for appropriate
relief for conduct he believed amounted to punishment under Article 13,
UCMJ, and misstates the pretrial restraint. In a pretrial agreement,
appellant agreed to waive submitting a motion for appropriate relief for
conduct he believed amounted to illegal pretrial punishment under Article
13, UCMJ. Appellant avers, inter alia, the erroneous statements in the
SJAR addendum's prejudiced his clemency opportunity with the convening
authority by undermining the convening authority’s opportunity to
meaningfully consider the factual circumstances attendant to the
relinquished Article 13 motion.

 We find the SJAR addendum's description of the circumstances
attendant to appellant's waiver of a motion related to Article 13 in error.
 Clemency is distinct from sentencing and appellant remained free to raise
with the convening authority in his post-trial clemency submission the
circumstances attendant to the relinquished Article 13 motion. United
States v. Healy, 26 M.J. 394, 395-396 (C.M.A. 1988). The importance of the
SJAR being accurate is patent. Our superior court has emphasized the
importance of a staff judge advocate's recommendation to the convening
authority, particularly in light of the recognition that the convening
authority is no longer required to personally read the record of trial.
United States v. Wellington, 58 M.J. 420, 428 (C.A.A.F. 2003) (citations
omitted). Our holding makes no finding regarding the underlying merit of
appellant's relinquished claim for relief pursuant to Article 13.

 The remaining issue is whether the errors materially prejudiced a
substantial right. To meet this burden in the context of a post-trial
recommendation error, an appellant must make "some colorable showing of
possible prejudice." United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F.
1998); see also Kho, 54 M.J. at 65. "The low threshold for material
prejudice with respect to an erroneous post-trial recommendation reflects
the convening authority's vast power in granting clemency and is designed
to avoid undue speculation as to how certain information might impact the
convening authority's exercise of such broad discretion." United States v.
Scalo, 60 M.J. 435, 437 (C.A.A.F. 2005).

 We find the cumulative impact of the errors in the SJAR and its
addendum is sufficient under Wheelus demonstrate a "colorable showing of
possible prejudice." A new SJAR and action is an appropriate remedy in
this case.

 The convening authority’s initial action dated 21 October 2008 is set
aside. The record of trial will be returned to The Judge Advocate General
for a new SJAR and initial action by the same or a different convening
authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court