UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist RONALD E. HOPSTOCK
 United States Army, Appellant

 ARMY 20090159

 Headquarters, 10th Support Group and U.S. Army, Okinawa
 Donna M. Wright, Military Judge
 Lieutenant Colonel Barry J. Stevens, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Timothy W. Thomas, JA; Captain Jennifer A. Parker, JA (on
brief);
Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA;
Major Grace M. Gallagher, JA; Captain Jennifer A. Parker, JA (on brief in
response to specified issue).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Lisa L. Gumbs, JA; Captain Stephanie R. Cooper, JA (on
brief); Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L.
Foss, JA; Major Lisa L. Gumbs, JA; Captain Mark E. Goodson, JA (on brief in
response to specified issue).

 9 August 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of dereliction of duty on diverse
occasions, sodomy on diverse occasions, and patronizing a prostitute on
diverse occasions in violation of Uniform Code of Military Justice
[hereinafter UCMJ], Articles 92, 125, and 134; 10 U.S.C. sections 892,
925, and 934 (2008). The military judge sentenced appellant to reduction
to Private E1, confinement for eight months, and a bad-conduct discharge.
Pursuant to a pretrial agreement, the convening authority reduced the
sentence to confinement to six months and approved the remainder of the
adjudged sentence. This case is before us for review pursuant to Article
66, UCMJ.
 On appeal, appellant alleges the Staff Judge Advocate’s post-trial
recommendation (SJAR) “improperly advised the convening authority that
appellant’s Article 125 and 134 misconduct lasted for one year beyond the
period for which he was convicted.” We then specified the following issue:

 Whether the Army Court of Criminal Appeals can affirm the portion
 of the findings of all three charges and their specifications
 alleging “on diverse occasions” when both the result of trial and
 staff judge advocate’s post-trial recommendation failed to
 properly advise the convening authority that the criminal
 misconduct occurred multiple times in each charge.

 In his action, the convening authority did not reference the findings
and only addressed appellant’s sentence. The SJAR omitted reference to “on
diverse occasions” for all three specifications. In addition, the SJAR
incorrectly lists 1 January 2009, instead of 1 January 2008, as the end
date of appellant’s misconduct for two of the three specifications. The
result of trial also failed to include the language “on diverse occasions”
or any dates of misconduct in each of the three specifications. We
arguably have the authority to affirm the findings adjudged at trial and
the approved sentence under precedent established in United States v.
Alexander, 63 M.J. 269 (C.A.A.F. 2006). In Alexander, separate convening
authorities were presumed to have affirmed findings adjudged at trial even
though the respective SJAR’s failed to advise the appellant was receiving
“special pay” at the time of his misconduct and committed misconduct “on
diverse occasions.” Id. at 275-76. However, in Alexander the dates of
misconduct were not an issue or misrepresented, and the promulgating order
accurately reflected the pleas and findings. The facts of this case do not
provide us the same comfort, and we decline to affirm the findings at this
time. Rather, given the number of mistakes and inconsistencies contained
in the result of trial, the SJAR, and the promulgating order, we return the
case to the convening authority for a new review and action to ensure he
completely and correctly understands the findings before taking action on
the sentence.

 The convening authority’s initial action, dated 13 May 2009, is set
aside. The record of trial is returned to The Judge Advocate General for a
new SJAR and action by the same or a different convening authority in
accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court