UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 JORDAN T. GILLIAM
 United States Army, Appellant

 ARMY 20100007

 Headquarters, Fort Stewart
 Tara A. Osborn, Military Judge
 Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Peter Kageleiry, Jr., JA; Captain Kathleena R. Scarpato,
JA (on brief).

For Appellee: Major Christopher B. Burgess, JA; Captain Stephen Latino,
JA; Major Kirsten M. Dowdy, JA (on brief).

 23 December 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of two specifications of absence without
leave (AWOL) and larceny, in violation of Articles 86 and 121, Uniform Code
of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886 and 921. The
military judge sentenced appellant to a bad conduct discharge, confinement
for twelve months, and reduction to Private E-1. The convening authority
limited confinement to eleven months and otherwise approved the adjudged
sentence.

 We agree with appellant that a new staff judge advocate's post-trial
recommendation (SJAR) and a new convening authority initial action are
warranted because of errors in the SJAR and its addendum.

 FACTS

 In Charge I, appellant was originally charged under Article 85, UCMJ
with two specifications of desertion terminated by apprehension, for
periods of approximately 30 months and 2 months respectively. Appellant
entered into a pretrial agreement by which he agreed to plead guilty to the
lesser-included offense of AWOL for each specification under Article 86.
Appellant agreed to a stipulation in support of his pretrial agreement
reflecting each instance of AWOL was terminated by apprehension. However,
in discussing Specification 1 of Charge I, the military judge found
appellant improvident to a plea including termination by apprehension.
Ultimately, the military judge found appellant guilty of AWOL for
Specification 1 of Charge I and AWOL terminated by apprehension for
Specification 2 of Charge I.

 The trial counsel prepared a result of trial correctly reflecting
these findings. In preparing the original SJAR, dated 1 July 2010, the
acting SJA did not include the result of trial as an enclosure as required
by the Rule for Court-Martial [hereinafter R.C.M.] 1106(d)(3).[1] Instead
the acting SJA summarized the findings in an arguably ambiguous manner.[2]
On 15 September 2010 the SJA prepared a “corrected” SJAR, which likewise
failed to include a copy of the result of trial required by R.C.M.
1106(d)(3). It stated, “Due to previous errors in the memorandum dated 1
July 2010, I resubmit herewith my recommendations as required by Article
60(d), UCMJ and R.C.M. 1106 . . . to accurately reflect the record of
trial.” This 15 September SJAR contained clear error. In essence it
inverted the findings for Charge I, erroneously reflecting appellant had
been found guilty of AWOL terminated by apprehension in Specification 1 and
AWOL (without apprehension) in Specification 2. Additionally, neither
version of the SJAR nor the addendum advised the convening authority he was
required to consider matters outlined in R.C.M. 1107(b)(3)(A)(i) through
(iii).[3] The record reflects appellant’s trial defense counsel was served
with both the original and “corrected” SJAR; he made no objection and
suggested no corrections to either.

 The SJA prepared an addendum to the SJAR, dated 28 September 2010.
The addendum did state, “All matters submitted by defense counsel or the
accused are enclosed for your consideration before taking action.”
(emphasis added.) The addendum listed as enclosures:

 1. SJARs, dtd 15 Sep 10; 1 Jul 10
 2. Clemency Petition
 3. Result of Trial
 4. Action[4]

The convening authority signed an acknowledgment, included in the addendum,
which stated, “I personally considered the Staff Judge Advocate’s Post-
Trial Recommendation and enclosures before taking action in this case.”

 The promulgating order prepared following the convening authority’s
action repeated the erroneous findings regarding Charge I and its
specifications as stated in the 15 September SJAR.

 ANALYSIS

 The SJAR is an essential document because it assists the convening
authority in deciding what action to take on sentence. United States v.
Alexander, 63 M.J. 269, 273 (C.A.A.F. 2006). Where, as here, the
convening authority does not expressly address the findings in his action,
he implicitly approves the finding as summarized in the SJAR. United
States v. Lindsey, 56 M.J. 850, 851 (Army Ct. Crim. App. 2002) (citing
United States v. Diaz, 40 M.J. 335, 337 (C.M.A. 1994). To the extent the
SJAR is mistaken, the action taken on that basis is a nullity. Id.

 Failure to comment on SJAR error constitutes waiver, in the absence of
plain error. Alexander, 63 M.J. at 273 (citing R.C.M. 1106(f)(6)). To
succeed under the plain error standard, appellant must show (1) error; (2)
which is obvious; and (3) materially prejudices a substantial right.
United States v. Mullins, 69 M.J. 113, 116 (C.A.A.F. 2010). In post-trial
matters, we are to grant relief when there is a “colorable showing of
possible prejudice.” United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F.
1998) (citing United States v. Chatman, 46 M.J. 321, 323-24 (C.A.A.F.
1997)).

 In this case, the convening authority’s action approving a finding of
AWOL terminated by apprehension in Specification 1 of Charge I is
inaccurate and without legal effect. Diaz, 40 M.J. at 337. Likewise,
Specification 2 of Charge II is a nullity insofar as it purports to approve
anything greater than AWOL, notwithstanding appellant’s pleas and the
military judge’s findings of guilty to AWOL terminated by apprehension.
Id. These errors in the convening authority’s action flow from repeated
attempts to summarize the offenses in the SJAR rather than relying on the
result of trial, mandated by R.C.M. 1106(d)(3) since August 2008. We also
find error in the SJARs and addendum by the repeated failure to properly
and specifically advise the convening authority of the requirement to
consider the matters listed in R.C.M. 1107(b)(3)(A), including—but not
limited to—the result of trial. The SJAR and addendum in this case provide
us with no confidence the convening authority was either accurately or
properly advised on, or that he intended, the action he took with regard to
findings or sentence in appellant’s case. It is also apparent the
convening authority relied on his SJA’s advice, because he approved waiver
of forfeitures for the benefit of appellant’s family and reduced
appellant’s confinement by thirty days to ameliorate potential prejudice
due to post-trial delay, both as recommended by his SJA. Given these
facts, we find appellant has made the requisite colorable showing of
possible prejudice.

 The convening authority’s initial action, dated 28 September 2010, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and action by the same or a different convening authority in
accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] See 2008 Amendments to the Manual for Courts-Martial, United States, 73
Fed. Reg. 145, 43831 (Jul. 28, 2008).

[2] In a table summarizing the offenses, the acting SJA listed both
appellant’s pleas and findings for the charged specification of Desertion
under Article 85 as “NG” and used footnotes to annotate appellant pled
guilty and was found guilty of AWOL in violation of Article 86. These
footnotes accurately reflected the military judge’s findings of Guilty of
AWOL for Specification 1, Charge I and Guilty of AWOL terminated by
apprehension for Specification 2, Charge I.

[3] This rule states, “Before taking action, the convening authority shall
consider” the result of trial; the SJAR prepared under R.C.M. 1106; and any
matters submitted by the accused under R.C.M. 1105 or, if applicable,
1106(f). (emphasis added.)

[4] These enclosures were not attached to the addendum in the record of
trial, but copies of the documents were found in other parts of the record.