UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant BYRON D. TYSON
 United States Army, Appellant

 ARMY 20090072

 Headquarters, U.S. Army Basic Combat Training Center of Excellence and
 Fort Jackson
 Kirsten Brunson, Military Judge
 Lieutenant Colonel Christopher B. Valentino, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Bradley M. Voorhees, JA; Major Sean S. Park, JA (on
brief); Captain Shay Stanford, JA; Captain Brent A. Goodwin, JA (on
supplemental pleading).

For Appellee: Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA
(on brief).

 2 February 2011

 ------------------------------------
 SUMMARY DISPOSITION
 ------------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of five specifications of violating a
general order; one specification each of wrongful sexual contact,
committing an indecent act and sodomy; and three specifications of
adultery, in violation of Articles 92, 120, 125, and 134, Uniform Code of
Military Justice, 10 U.S.C. §§ 892, 920, 925, and 934 [hereinafter UCMJ].
The military judge sentenced appellant to a bad-conduct discharge,
confinement for eighteen months, and reduction to the grade of E1.

 Appellant raises one assignment of error: the staff judge advocate’s
post-trial recommendation (SJAR) provided the convening authority with
incorrect information regarding appellant’s offenses. This allegation of
error warrants discussion, but no relief.

 The result of trial was included as an enclosure to the SJAR. The
result of trial, in describing the specifications to which appellant pled
guilty regarding Charges I, III, and IV, did not include the language that
appellant violated each of these offenses and specifications “on divers
occasions.” However, the descriptions of the offenses and findings are
sufficient, as they provide a general depiction of the offenses.
Accordingly, the assignment of error is without merit. United States v.
Alexander, 63 M.J. 269 (C.A.A.F. 2006).

 Additionally, though not raised as an assignment of error, we note
that the result of trial inaccurately states Specifications 2 and 6 of
Charge I and Specifications 1 and 2 of Charge II were dismissed on motion
of the trial counsel prior to findings. In fact, when informed by trial
counsel that the government would not present evidence on those
specifications to which appellant pled not guilty, the military judge
entered findings of not guilty to those specifications. The incorrect
information in the result of trial did not result in prejudice to appellant
and the promulgating order correctly indicates that appellant was found not
guilty of those specifications.

 On consideration of the entire record, including consideration of the
issues personally specified by the appellant, we hold the findings of
guilty and the sentence as approved by the convening authority correct in
law and fact. Accordingly, those findings of guilty and the sentence are
AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court