# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MANUEL RIOS**
**United States Army, Appellant**

ARMY 20140971

Headquarters, Fort Carson
Douglas K. Watkins, Military Judge
Colonel Paul J. Perrone Jr., Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles A. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

12 July 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful use of a controlled substance (marijuana) and sexual assault, in violation of Articles 112a and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to be discharged with a dishonorable discharge and to be confined for seven years.  Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for thirty months.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raised two assignments of error requiring discussion and relief.  The matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant discussion or relief.

## BACKGROUND

The staff judge advocate recommendation (SJAR) did not list the offenses of which appellant was convicted. Instead, the Report of Result of Trial (ROT) was attached to the SJAR, and thus incorporated by reference. The ROT listed appellant's two convictions as "Aggravated Sexual Assault Causing Bodily Harm" and "Drugs: Use Schedule I, II, or III Drugs." The convening authority's action approved the sentence without addressing the findings.

## LAW AND DISCUSSION

This court reviews questions of whether post-trial processing was completed correctly de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004). When a convening authority does not explicitly address findings in the action, the convening authority implicitly approves the findings as reported in the SJAR. *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994). Where there is an unresolvable ambiguity between the adjudged and approved findings, a case should be returned for a new SJAR and convening authority initial action. *United States v. Alexander*, 63 M.J. 269, 275-76 (C.A.A.F. 2006). Here, because we cannot determine whether the convening authority considered and approved the adjudged findings, we find unresolvable error.

The current Article 120, UCMJ, applies to offenses committed on or after 28 June 2012. *Manual for Courts-Martial*, *United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 45. The two penetrative offenses are "rape" and "sexual assault." The previous version of Article 120, UCMJ, did include the offense of "aggravated sexual assault," but the offense to which appellant pled guilty occurred in January 2013, so the current version applied.

Additionally, the military judge found appellant guilty of "wrongfully using marijuana," under Article 112a(a)(b)(1), not Article 112a(a)(b)(2) or (3), which refers to "any substance not specified in clause (1) that is listed on a schedule of controlled substances prescribed by the President" and "any other substance . . . that is listed in Schedules I through V of section 202 of the Controlled Substances Act."

The SJAR, which incorporates the ROT, provided the convening authority with misleading and incorrect advice regarding the offenses of which appellant was convicted.[*] The government invites this court to find no ambiguity in the findings approved by the convening authority "because the convening authority reviewed the charge sheet before accepting the offer and because the promulgating order

---

[*] The SJAR does not state the sentence limitation from the offer to plead guilty, but does list it as an enclosure. Additionally, the addendum to the SJAR acknowledges appellant's clemency matters but does not list them as an enclosure.

accurately reflects the appellant's pleas." We decline to make such a logical leap. The only document that states the names of the offenses is the ROT, and it misstates them. We find prejudicial error and set aside the action and return the case for a new SJAR and action.

## CONCLUSION

The convening authority's action, dated 17 June 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court