# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WEIS*
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 SEAN A. MECKER**
**United States Army, Appellant**

ARMY 20150533

Headquarters, Fort Carson
Douglas K. Watkins, Military Judge (arraignment)
Michael J. Hargis, Military Judge (trial)
Lieutenant Colonel Stephanie D. Sanderson, Staff Judge Advocate (pretrial)
Colonel Gregg A. Engler, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles A. Lozano, JA; Captain Heather L. Tregle, JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Lieutenant Colonel Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief).

28 July 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

WEIS, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of five specifications of wrongful use of a controlled substance (diazepam, methamphetamine, morphine, and marijuana) and larceny of nonmilitary property of a value of $500.00 or less, in violation of Articles 112a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to be discharged with a bad-conduct discharge, to be confined for five months, and to be reduced to the grade of E-1. The military judge granted appellant eight days of pretrial confinement credit. The convening authority approved the adjudged sentence and the confinement credit.

---

* Judge WEIS took final action on this case while on active duty.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error requiring discussion and relief.

## BACKGROUND

The staff judge advocate recommendation (SJAR) did not list the offenses of which appellant was convicted. Instead, the "corrected copy" of the Report of Result of Trial (ROT) was attached to the SJAR, and thus incorporated by reference. The ROT listed all five of appellant's Article 112a convictions as "Drugs: Use Schedule I, II, or III Drugs." The convening authority's action approved the sentence without addressing the findings.

## LAW AND DISCUSSION

This court reviews questions of whether post-trial processing was completed correctly de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004). When a convening authority does not explicitly address findings in the action, the convening authority implicitly approves the findings as reported in the SJAR. *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994). Where there is an unresolvable ambiguity between the adjudged and approved findings, a case should be returned for a new SJAR and convening authority initial action. *United States v. Alexander*, 63 M.J. 269, 275-76 (C.A.A.F. 2006). Here, because we cannot determine whether the convening authority considered and approved the adjudged findings, we find unresolvable error.

The military judge found appellant guilty of five violations of Article 112a. Although the ROT does not reference the specific substance as to any of the five specifications, we find that three of the specifications listed in the ROT are misleading or incorrect. Specification 1 for "wrongfully using diazepam, a Schedule IV controlled substance," is indicated in the ROT as a "Schedule I, II, or III Drug." Specification 2 for "wrongfully using methamphetamine" and Specification 5 for "wrongfully using marijuana" are both indicated in the ROT as "Schedule I, II, or III Drugs." Specifications 2 and 5 were charged under Article 112a(a)(b)(1), not Article 112a(a)(b)(2) as the ROT indicates.

The SJAR, which incorporates the ROT, provided the convening authority with misleading and incorrect advice regarding the offenses of which appellant was convicted. The only document that states the names of the offenses is the ROT, and it misstates several of the offenses. As a result, we find prejudicial error and set aside the action and return the case for a new SJAR and action.

MECKER—ARMY 20150533

## CONCLUSION

The convening authority's action, dated 15 October 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3