# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ISAIAH L. DAVIS**
**United States Army, Appellant**

ARMY 20150587

Headquarters, Fort Carson
Lanny J. Acosta, Jr., Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Charles A. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew D. Bernstein, JA (on reply brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Ryan T. Yoder, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee:  Lieutenant Colonel A. G. Courie III, JA; Major Anne C. Hsieh, JA (on brief).

14 October 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave, failure to report, two specifications of failure to obey a lawful order, three specifications of wrongful use of a controlled substance (marijuana), and four specifications of larceny, in violation of Articles 86, 92, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 912a, 921 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for twenty-one[*] months and credited appellant with eighty-two days of pretrial confinement credit.  The convening authority approved the pre-trial confinement credit and the sentence

---

[*] Appellant's brief is incorrect in stating "The military judge sentenced PFC Davis to 2 months confinement and a bad conduct discharge."

except that, pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for fifteen months.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raised two assignments of error regarding ambiguity between the adjudged and approved findings. We agree there was error and provide relief.

## BACKGROUND

The staff judge advocate recommendation (SJAR) did not list the offenses of which appellant was convicted. Instead, the Report of Result of Trial (ROT) was attached to the SJAR, and thus incorporated by reference. The ROT listed appellant's Article 112a convictions as "Drugs: Use Schedule I, II, or III Drugs." The convening authority's action approved the sentence without addressing the findings.

## LAW AND DISCUSSION

This court reviews de novo questions of whether post-trial processing was completed correctly. *United States v. Sheffield*, 60 M.J. 591, 593 (C.A.A.F. 2004). When a convening authority does not explicitly address findings in the action, the convening authority implicitly approves the findings as reported in the SJAR. *United States v. Diaz*, 40 M.J. 335, 337 (C.M.A. 1994). Where there is an unresolvable ambiguity between the adjudged and approved findings, a case should be returned for a new SJAR and convening authority initial action. *United States v. Alexander*, 63 M.J. 269, 275-76 (C.A.A.F. 2006). Here, because we cannot determine whether the convening authority considered and approved the adjudged findings, we find unresolvable error.

The military judge found appellant guilty of "wrongfully using marijuana," under Article 112a(a)(b)(1), not Article 112a(a)(b)(2) or (3), which refers to "any substance not specified in clause (1) that is listed on a schedule of controlled substances prescribed by the President" and "any other substance . . . that is listed in Schedules I through V of section 202 of the Controlled Substances Act."

The SJAR, which incorporates the ROT, provided the convening authority with misleading and incorrect advice regarding the offenses of which appellant was convicted. The government invites this court to find no ambiguity in the findings approved by the convening authority because: 1) "this court may and should presume that the convening authority implicitly approved the findings reached by the court-martial, as there is no material evidence to the contrary;" 2) "the convening authority's action approved the sentence without expressly addressing the findings" and "this is precisely what happens in 'the typical case;'" and 3) "the pleas and

DAVIS—ARMY 20150587

findings described in both the Report of Result of Trial and the Offer to Plead Guilty, which were provided by the SJA in his recommendation to the convening authority, are consistent with the findings as adjudged."

We decline to make such an illogical leap. The only document that states the names of the offenses is the ROT, and it misstates them. We find prejudicial error and set aside the action and return the case for a new SJAR and action.

**CONCLUSION**

The convening authority's action, dated 3 December 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3