# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JACOB P. HENDERSON**
**United States Army, Appellant**

ARMY 20140081

Headquarters, I Corps
David L. Conn, Military Judge
Colonel William R. Martin, Staff Judge Advocate (pretrial)
Colonel Randall J. Bagwell, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain John Gardella, JA (on brief).

31 January 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of disobeying a noncommissioned officer, two specifications of failure to obey a lawful order, four specifications of aggravated sexual assault, one specification of indecent act, three specifications of assault consummated by battery, and one specification of aggravated assault in violation of Articles 91, 92, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 892, 920, 928 (2006 & Supp. II 2009; 2006 & Supp. IV 2011; 2006 & Supp. V 2012) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances, and reduction to E-1. The military judge credited appellant with 168 days of confinement credit. The convening authority approved eight years

and ten months of confinement[1] and the remainder of the adjudged sentence, including the confinement credit.

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns two errors to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After due consideration, we find one assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.

## BACKGROUND

The panel found appellant guilty of the four aggravated sexual assault specifications of Charge IV, in violation of Article 120, UCMJ, as follows:

> SPECIFICATION 1: [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, engage in a sexual act, to wit: use his finger to digitally penetrate the vulva of [MF], who was substantially incapable of declining participation in the sexual act.

> SPECIFICATION 2: [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, cause [MF] to engage in a sexual act, to wit: use his finger to digitally penetrate her genital opening, by causing bodily harm to her, to wit: pushing her body against a sink.

> SPECIFICATION 3: [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, engage in a sexual act, to wit: use his penis to penetrate the vulva of [MF], who was substantially incapable of declining participation in the sexual act.

> SPECIFICATION 4: [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, cause [MF] to engage in a sexual act, to wit: the penetration of her vulva with his penis, by causing bodily harm to her, to wit: pushing her body against a sink.

---

[1] In response to a legal error raised in appellant's Rule for Courts-Martial 1105 clemency submissions alleging unreasonable government delay in post-trial processing under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), the staff judge advocate recommended and the convening authority approved eight years and ten months confinement.

2

HENDERSON—ARMY 20140081

During an Article 39(a) session before the parties presented their sentencing arguments, the military judge ruled sua sponte on the aggravated sexual assault offenses. Regarding Specifications 1 and 2 of Charge IV, the military judge stated, "I find that these constitute multiplicity for findings and, therefore, will merge Specifications 1 and 2 into a unitary specification of aggravated sexual assault by digital penetration." Regarding Specifications 3 and 4 of Charge IV, the military judge further stated, "Similarly, . . . I find that they are multiplicious and, therefore, will merge Specifications 3 and 4 into a unitary specification of aggravated sexual assault by penile penetration."[2] Before the panel's sentence deliberations, the military judge instructed the members:

> The offenses charged in Specifications 1 and 2 of Charge IV, that is, the aggravated sexual assault by digital penetration, are one offense for sentencing purposes, as are Specifications 3 and 4 of Charge IV, the aggravated sexual assault by penile penetration. Therefore, in determining an appropriate sentence in this case, you must consider both digital penetration offenses as one offense, and both penile penetration offenses as also one offense.

The staff judge advocate's recommendation (SJAR) does not list the offenses of which appellant was convicted; the Report of Result of Trial (ROT) is attached to the SJAR and incorporated by reference. The ROT does not reflect the merger of the aggravated sexual assault offenses into two specifications for findings as directed by the military judge. Rather, the ROT lists four aggravated sexual assault convictions in violation of Article 120, UCMJ, as originally charged. Additionally, the convening authority's action approved the sentence without addressing the findings, and the promulgating order includes guilty findings for Specifications 1 through 4 of Charge IV.

**LAW AND DISCUSSION**

This court reviews jurisdictional questions regarding which findings a convening authority implicitly approved de novo. *See United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005); *United States v. Diaz*, 40 M.J. 335, 337, 345 (C.M.A. 1994). When a convening authority does not explicitly address findings in

---

[2] Although the military judge used the term "multiplicity for findings" in reference to Specifications 1 and 2 of Charge IV and "multiplicious" in reference to Specifications 3 and 4 of Charge IV, it appears clear to this court—based on the context of the statements and remedy imposed—that the military judge intended to use the term "unreasonable multiplication of charges as applied to findings." *See United States v. Campbell*, 71 M.J. 19, 23-24 (C.A.A.F. 2012).

3

the action, the convening authority implicitly approves the findings as correctly reported in the SJAR. *Diaz*, 40 M.J. at 337. Where there is an unresolvable ambiguity between the adjudged and approved findings, a case should be returned for a new SJAR and convening authority initial action. *United States v. Alexander*, 63 M.J. 269, 275-76 (C.A.A.F. 2006).

We find unresolvable error here because the convening authority considered and approved findings that were incorrectly reported in the SJAR via the incorporated ROT, and agree with both parties that this case must be returned to the convening authority for a new action. Accordingly, we will set aside the action and return the case for a new SJAR and action. First, however, it is appropriate to consolidate the aggravated sexual assault specifications consistent with the military judge's rulings at trial that they were unreasonably multiplied as applied to findings and sentence. *See United States v. Mayberry*, 72 M.J. 467, 467-468 (C.A.A.F. 2013). We do so now in the decretal paragraph.

**CONCLUSION**

Specification 1 of Charge IV is consolidated with Specification 2 of Charge IV as follows:

> [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, engage in a sexual act, to wit: use his finger to digitally penetrate the vulva of M.F., who was substantially incapable of declining participation in the sexual act, and cause M.F. to engage in a sexual act, to wit: use his finger to digitally penetrate her genital opening, by causing bodily harm to her, to wit: pushing her body against a sink.

Specification 3 of Charge IV is consolidated with Specification 4 of Charge IV as follows:

> [Appellant], U.S. Army, did, at or near Chatan, Okinawa, Japan, on or about 1 June 2012, engage in a sexual act, to wit: use his penis to penetrate the vulva of M.F., who was substantially incapable of declining participation in the sexual act, and cause M.F. to engage in a sexual act, to wit: the penetration of her vulva with his penis, by causing bodily harm to her, to wit: pushing her body against a sink.

The convening authority's action, dated 26 March 2015, is set aside. The record of trial is returned to The Judge Advocate General for a new SJAR and action

4

by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court